UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHANIEL LAGARDE                                           CIVIL ACTION

VERSUS                                                      NO. 05-1479

N. BURL CAIN, WARDEN                                        SECTION "C" (4)

ORDER AND REASONS

Before the Court is petitioner Nathaniel LaGarde's Motion for Relief from the Judgment (Rec. Doc. 32.) Petitioner seeks relief from an order of this Court dismissing his petition for habeas corpus as untimely under then-precedent *Salinas v. Dretke*, 354 F. 3d 425 (5th Cir. 2004). See Order and Judgment (Rec. Doc. 18, 19.) *Salinas* has since been overruled by the United States Supreme Court in *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009). The State opposes petitioner's motion and argues that the change in the law should not apply to petitioner's case since his case was final at the time of Jimenez.[1] Based on the record in this case, the arguments by both parties, and the law, the Court denies petitioner's motion for relief for the reasons stated below.

I.  **BACKGROUND**

---

[1] The State also spends a considerable amount of time detailing why petitioner's motion should be denied under Fed.R.Civ.P. 60(b)(6), the so-called "catch-all" provision. In his "Traverse to State's Response to Petitioner's Rule 60(b) Motion," petitioner notes that his motion only seeks relief under Fed.R.Civ.P. 60(b)(5). (Rec. Doc. 37). Accordingly, this Court does not discuss the merits of any arguments pertaining to Fed.R.Civ.P. 60(b)(6).

1

Petitioner was sentenced on December 7, 1999, and filed no direct appeal. (Rec. Doc. 18 at 3-4.) Petitioner's conviction became final on January 6, 2000, thirty days after the expiration of time during which he could sought review with the United States Supreme Court. (Id.) However, petitioner was subsequently granted an out-of-time appeal on November 3, 2000. (Id.) On December 10, 2003, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's sentence and conviction, and the Louisiana Supreme Court denied writs on June 25, 2004. (Id.) Petitioner filed his habeas corpus petition in this Court on January 24, 2005. On December 18, 2006, this Court denied Mr. LaGarde's petition as untimely and petitioner appealed. (Rec. Doc. 18, 21.) On August 8, 2008, the U.S. Fifth Circuit Court of Appeals dismissed petitioner's appeal for lack of prosecution. (Rec. Doc. 31.) Mr. LaGarde's federal petition can be deemed final as of November 6, 2008, i.e. 90 days after the dismissal during which time Mr. LaGarde could have sought review by the United States' Supreme Court. See 28 U.S.C. §§ 2101.

## II.  LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that a petitioner bring his Section 2254 claims within one year of the date on which his conviction became final.28 U.S.C. § 2244(d). Pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's one-year limitation period for seeking federal habeas corpus relief commenced running on the date the judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review."

The precedent guiding this Court in denying petitioner's application for habeas corpus has now changed.  Citing *Salinas v. Dretke*, 354 F. 3d 425 (5th Cir. 2004), this Court found that

the granting of the out-of-time appeal at most tolled the time limitations period during which a petitioner may file a federal application for habeas corpus. (Rec. Doc. 18.) In *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), the U.S. Supreme Court abrogated *Salinas*. *See Brooks v. Cain*, 2009 WL 4250687 (5th Cir. 2009)(recognizing abrogation of *Salinas* by *Jimenez* and applying *Jimenez* to pending habeas petition.) In *Jimenez*, the Supreme Court held that the date upon which a conviction becomes final is the "conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." 129 S. Ct. 681, 686-687. Therefore, the time limitations clock is not tolled, but rather starts anew upon conclusion of the out-of-time appeal.

The question presented by Mr. LaGarde's motion for relief is whether *Jimenez* can be applied to his case. As an initial matter, any pending habeas case would be entitled to the *Jimenez* calculation. In an unpublished decision, the Fifth Circuit applied *Jimenez* to Mr. Brooks' appeal of the denial of his habeas petition as time-barred by the district court. *Brooks v. Cain*, 2009 WL 4250687 (5th Cir. 2009)(recognizing abrogation of *Salinas* by *Jimenez* and applying *Jimenez* to pending habeas petition.) The district court had denied Brooks' petition in March 2008 as untimely under *Salinas*, which Brooks appealed in April 2008. (06cv2428, Docket Sheet.) Brooks' appeal was still pending in the Fifth Circuit at the time of the *Jimenez* decision in January 2009. (Id.) Mr. LaGarde's petition, however, was dismissed for lack of prosecution in August 2008 and the expiration of the period in which Mr. LaGarde would have sought further review expired in November 2008 before the *Jimenez* decision was issued in January 2009. As Mr. LaGarde's case was not pending at the time of the *Jimenez* decision, he does not receive *Jimenez* consideration.

3

Nor does Fed.R.Civ.P. 60(b)(5) provide any relief. The determination of a Rule 60(b) motion lies within the district court's sound discretion and will be reviewed on appeal for abuse of that discretion. *See Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981) (*citing Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir.1977)). Rule 60(b)(5) of the Federal Rules of Civil Procedure permits a court on motion to relieve a party from a final judgment when (1) "the judgment has been satisfied, released, or discharged;"(2) "a prior judgment upon which it is based has been reversed or otherwise vacated;" or (3) "it is no longer equitable that the judgment should have prospective application." Petitioner relies squarely on the second prong. (Rec. Doc. 32 at 1.)

Rule 60(b)(5) is about prior judgments within or related to a case, not prior precedents subsequently overturned. In *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 159 (5th Cir.1990), the Fifth Circuit interpreted the second prong of Rule 60(b)(5) and held that "the prior judgment must be a necessary element of the decision, giving rise, for example, to the cause of action or a successful defense. It is not sufficient that the prior judgment provides only precedent for the decision." As noted by Wright and Miller, "[t]his ground is limited to cases in which the present judgment is based on the prior judgment in the sense of claim or issue preclusion. It does not apply merely because a case relied on as precedent by the court in rendering the present judgment has since been reversed." Wright & Miller, Federal Practice and Procedure § 2863. *See also Comfort v. Lynn School Committee*, 560 F.3d 22 (1st Cir. 2009)(holding "the prior judgment must be directly related to the purportedly reversing decision."); *United States v. 4,299.32 U.S. Currency*, 922 F.Supp. 430, 433 (W.D.Wash.1996) ("It is well-settled that this section applies only when the law of the case changes, not when decisional law changes.").

Because *Salinas* merely provided precedential value to this Court's judgment, relief under the second prong of Rule 60(b)(5) is inappropriate. *See, e.g., Bailey*, 894 F.2d at 159-60 (no relief under Rule 60(b)(5) despite Supreme Court decision changing the standard for recovery of attorney's fees after entry of judgment.)

### III.  CONCLUSION

For the foregoing reasons, the Court cannot grant petitioner relief under Rule 60(b)(5) and petitioner's motion is denied.   (Rec. Doc. 32.)

New Orleans, Louisiana this 15th day of March, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE